UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

EHRENFRIEDE PAHEE KAUAPIRURA,

                Plaintiff,                          **REPORT AND RECOMMENDATION**
                                                                                23-CV-6563 (DG)(LB)

        - against -

MICHAEL VASILIADIS; KENNETH VERT;
BREON PEACE,

                Defendants.
----------------------------------------------------------------x

**BLOOM, United States Magistrate Judge:**

      On September 1, 2023, *pro se* plaintiff Ehrenfriede Pahee Kauapirura filed this complaint against United States Department of Justice ("DOJ") attorneys Michael Vasiliadis and Kenneth Vert and United States Attorney for the Eastern District of New York, Breon Peace. ECF. No. 1, Complaint ("Compl.") Plaintiff paid the required filing fee. ECF No. 2. On September 13, 2023, Plaintiff was directed to Show Cause in writing by October 4, 2023, why this action should not be dismissed as frivolous. ECF No. 6, ("Order to Show Cause"). Plaintiff has not responded to the Order to Show Cause.  For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that the action should be dismissed as frivolous.

## BACKGROUND

      Plaintiff is a defendant in a criminal case in this Court; she is charged with filing false tax returns, obstructing the IRS, and willful failure to file tax returns. *See USA v. Kauapirura*, No. 22-cr-0379 (DG) (E.D.N.Y. Aug. 17, 2022.) She brings the instant action against the federal prosecutors in her criminal case, DOJ Attorneys Michael Vasiliadis and Kenneth Vert, and

1

against Breon Peace, the United States Attorney for the Eastern District of New York.[1] Plaintiff seeks to dismiss her criminal case, arguing that "the United States District Court Eastern District of New York, did not have personal jurisdiction and subject-matter jurisdiction to procede [sic]." Compl. at 19.

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Regardless of whether a plaintiff has paid the filing fee to commence a civil action, a district court has the inherent authority to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Frein v. Pelosi*, No. 22-1063, 2023 WL 2530453, at *2 (2d Cir. Mar. 16, 2023) (citing *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)); *Phillips, v. Long Island R.R. Co.,* No. 22-123, 2023 WL 2317231, at *1 (2d Cir. Mar. 2, 2023); *Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77,

---

[1] Plaintiff also filed another civil action related to her criminal case. *See Kauapirura v. United States of America Dept. of Treasury IRS*, No. 23-CV-6167 (DG) (LB) (E.D.N.Y. Aug. 16, 2023).

82 (2d Cir. 2018).

## DISCUSSION

### I.     Plaintiff's Claims are Frivolous

Plaintiff is asserting a "sovereign citizen" claim: that she is a "secured party," "sui juris" "nonperson," stateless person," "non-resident," and "non-participant in any government programs." Her complaint presents arguments aligned with the principles of sovereign citizen ideology. Compl. at 7. Plaintiff also attaches documents relating to, *inter alia*, UCC financing statements, bid bonds, reinsurance agreements, and the "discharge" of her birth certificate. *Id.* at 55-118. As the Second Circuit explained, "[t]he sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, n. 1 (2d Cir. 2013). The Court further noted that the "so-called 'Sovereign Citizens' seek to 'clog[ ] the wheels of justice' and 'delay proceedings so justice won't ultimately be [d]one.... They do so by raising numerous—often frivolous—arguments, many alleging that the Courts or the Constitution lack any authority whatsoever." *United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019); *see also Tyson v. Clifford*, No. 18-CV-1600, 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) ("Adherents of such claims or defenses 'believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.... Federal courts across the country, however, have routinely refused to credit arguments based on a redemption, sovereign citizen, or other similar theory because the arguments are often frivolous, irrational, and unintelligible.") (collecting cases).

Moreover, plaintiff's assertion that she falls outside the jurisdiction of the federal courts and is exempt from prosecution has been repeatedly rejected by federal courts.[2] *Bey v. Furman*, No. 21-CV-4090, 2021 WL 3725987, at *2 (E.D.N.Y. Aug. 23, 2021); *Faltine v.* Murphy, No. 15-CV-3961, 2016 WL 3162058, at *3 (E.D.N.Y. June 3, 2016); *see also Muhammad v. Smith,* No. 3:13-CV-760, 2014 WL 3670609, at *2–3 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."); *Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (prisoner's "reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous") (collecting cases).

## CONCLUSION

Accordingly, it is respectfully recommended under 28 U.S.C. § 636(b) that this action should be dismissed as frivolous.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. *See also*

---

[2] Federal courts will not generally interfere in pending federal criminal prosecutions. *Figueroa v. Doorley*, No. 21-CV-6351, 2022 WL 333029, at *2 (W.D.N.Y. Jan. 3, 2022) (citing *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37 (2d Cir. 2015) (summary order). "Pursuant to the rule of abstention, the Supreme Court instructs that a court may civilly enjoin a criminal prosecution only 'when absolutely necessary for protection of constitutional rights,' and only 'under extraordinary circumstances, where the danger of irreparable loss is both great and immediate.'" *Id*. (quoting *Younger v. Harris*, U.S. 37, 53 (1971). "Generally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution." *Id*. (citations omitted); *see also Thomas v. Shroff*, No. 21-CV-0450, 2021 WL 707007, at *3 (S.D.N.Y. Feb. 19, 2021) (collecting cases); *Laureano v. United States*, No. 19-CV-10986, 2020 WL 419378, at *2 (S.D.N.Y. Jan. 24, 2020) ("[W]hen asked to intervene in pending federal criminal proceedings, federal courts generally have refused as long as the federal defendant may present a defense in the federal forum.") (citing *Manafort v. U.S. Dep't of Just.*, 311 F. Supp. 3d 22, 26 (D.D.C. 2018) ("It is a sound and well-established principle that a court should not exercise its equitable powers to interfere with or enjoin an ongoing criminal investigation when the defendant will have the opportunity to challenge any defects in the prosecution in the trial court or on direct appeal.")).

Fed. R. Civ. P. 6.  Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *see Thomas v. Arn*, 474 U.S. 140 (1985).

SO ORDERED.

                                                     /S/
                                       LOIS BLOOM
                                       United States Magistrate Judge

Dated: October 11, 2023
       Brooklyn, New York